# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ZACHERY CRABTREE,

                          Plaintiff,

v.

KIMBERLY WANKER,

                          Defendant.

3:19-cv-00755-MMD-CLB

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE[1]**

Before the court is Plaintiff Zackery Crabtree's ("Crabtree"), application to proceed *in forma pauperis*[2] (ECF No. 4), and his amended *pro se* civil rights complaint[3] (ECF No. 3). For the reasons stated below, the court recommends that Crabtree's *in forma pauperis* application (ECF No. 4) be granted, and that his amended complaint (ECF No. 3) be dismissed with prejudice.

## I.   *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]   The court construes Crabtree's signed financial certificate as an application to proceed *in forma pauperis* (ECF No. 4).

[3]   The court finds the amended complaint (ECF No. 3) to be the operative complaint in this case.

1    unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

2    The application must be made on the form provided by the court and must include a financial

3    affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

4         "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some

5    particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir.

6    1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to

7    enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331,

8    339 (1948).

9         A review of the application to proceed IFP reveals Crabtree cannot pay the filing fee;

10   therefore, the court recommends that the application (ECF No. 4) be granted.

11   **II.    SCREENING STANDARD**

12        Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A

13   provides, in relevant part, that "the court shall dismiss the case at any time if the court

14   determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim

15   upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is

16   immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an

17   arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This

18   includes claims based on legal conclusions that are untenable (e.g., claims against

19   defendants who are immune from suit or claims of infringement of a legal interest which

20   clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

21   delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th

22   Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same

23   standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure

24   12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal

25   where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl.*

26   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

27   //

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III.    SCREENING OF AMENDED COMPLAINT

In his amended complaint, Crabtree sues Defendant District Court Judge Kimberly Wanker under 42 U.S.C. § 1983. (*See* ECF No. 3.) The amended complaint alleges the following: Defendant Wanker conspired with the District Attorney, Nye County Sheriff, and defense counsel to violate Nevada Revised Statute 453.3405.[4] (*Id.* at 1.) Crabtree alleges Defendant Wanker "violated her oath of office," by releasing Crabtree from jail for the sole purpose of providing "substantial assistance" in accordance with NRS 453.3405. (*Id.*) Crabtree alleges this was done in violation of the law and proceeds to make various allegations related to the legality of his plea agreement. (*Id.* at 2-4.) While Crabtree does not assert a claim for relief in his amended complaint, a review of his original complaint

---

[4]    NRS 453.3405 is titled: Trafficking in controlled substances: Suspended sentence limited; eligibility for parole; reduction or suspension of person assisting in investigation or prosecution of any offense; consideration of factors by court.

shows the following requested relief: punitive damages in the amount of $100,000, vacating his criminal convictions, and taking him off lifetime supervision. (ECF No. 1-1 at 4.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would

1 | necessarily imply the invalidity of his conviction or sentence," then "the complaint must be
2 | dismissed unless the plaintiff can demonstrate that the conviction or sentence has already
3 | been invalidated." *Heck*, 512 U.S. at 487.

4 | It is apparent that Crabtree is challenging the constitutionality of his state court
5 | criminal conviction.   Consequently, he must demonstrate that his conviction has been
6 | overturned to proceed in an action under § 1983.  As he has not done so, his sole relief is a
7 | *habeas corpus* action.

8 | Additionally, the court notes that Defendant Kimberly Wanker is absolutely immune
9 | from suit under § 1983.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)
10 | ("Judges are absolutely immune from damage actions for judicial acts taken within the
11 | jurisdiction of their courts…. A judge loses absolute immunity only when [the judge] acts in
12 | the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

13 | The court, therefore, recommends that the complaint be dismissed with prejudice, as
14 | amendment would be futile. *See Cato*, 70 F.3d at 1107.

15 | **IV.   CONCLUSION**

16 | For the reasons articulated above, the court recommends that Crabtree's application
17 | to proceed *in forma pauperis* (ECF No. 4) be granted, and his amended complaint (ECF No.
18 | 3) be dismissed with prejudice.

19 | The parties are advised:

20 | 1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
21 | Practice, the parties may file specific written objections to this Report and Recommendation
22 | within fourteen days of receipt.   These objections should be entitled "Objections to
23 | Magistrate Judge's Report and Recommendation" and should be accompanied by points
24 | and authorities for consideration by the District Court.

25 | 2.     This Report and Recommendation is not an appealable order and any notice
26 | of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District
27 | Court's judgment.

1   **V.**   **RECOMMENDATION**

2        **IT IS THEREFORE RECOMMENDED** that Crabtree's application to proceed *in forma*

3   *pauperis* (ECF No. 4) be **GRANTED**; and

4        **IT IS FURTHER RECOMMENDED** that Crabtree's amended complaint (ECF No. 3)

5   be **DISMISSED WITH PREJUDICE**.

6   **DATED:** 2/28/2020 .

7                                   **UNITED STATES MAGISTRATE JUDGE**