# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZACKERY CRABTREE,<br><br>　　　　　　　Plaintiff,<br>　v.<br>KIMBERLY WANKER,<br><br>　　　　　　　Defendant. | Case No. 3:19-cv-00755-MMD-CLB<br><br>ORDER |

## I. SUMMARY

*Pro se* Plaintiff Zackery Crabtree, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC") filed suit under 42 U.S.C. § 1983, alleging a conspiracy to violate NRS § 453.3405 between the district attorney, judge, and county sheriff involved in his criminal case—this case is focused on the judge.[1] (ECF No. 3.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Carla L. Baldwin (ECF No. 7), recommending the Court dismiss this case with prejudice. Plaintiff filed an objection to Judge Baldwin's Recommendation. (ECF No. 8.) As further explained below, the Court will overrule Plaintiff's objection because the Court agrees with Judge Baldwin's analysis, will fully adopt the R&R, and dismiss this case.

## II. BACKGROUND

As relevant to Plaintiff's objection, Judge Baldwin recommends dismissing this case for two, alternative reasons. (ECF No. 7 at 5.) Specifically, Judge Baldwin recommends dismissing it because Plaintiff's case is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)—because Plaintiff is challenging the constitutionality of his state-court criminal

---

[1] Plaintiff has filed four nearly identical cases. The other three are Case Nos. 3:19-cv-00750-MMD-WGC, 3:19-cv-00751-MMD-CLB, and 3:19-cv-00756-MMD-WGC.

1 | conviction—and because named Defendant Judge Wanker is absolutely immune from damages actions for her judicial acts under Section 1983. (*Id.*) Plaintiff objects to only the judicial immunity reason for dismissal Judge Baldwin provides in the R&R, arguing that Judge Wanker is not entitled to judicial immunity because she allegedly violated a state statute in apparently allowing Plaintiff to enter into a plea deal. (ECF No. 8.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's objection to the R&R, the Court has undertaken a de novo review of it, including the other documents filed in this case.

## IV. DISCUSSION

Following a de novo review of the R&R and the other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full. The Court addresses below Plaintiff's objection.

The dispositive issue with Plaintiff's objection is that he did not object to the primary reason Judge Baldwin recommends his case be dismissed—because it is *Heck*-barred. (ECF No. 8.) Moreover, the the Court agrees with Judge Baldwin that his case is *Heck*-barred. Thus, the Court will accept and adopt in full the R&R. However, the Court also notes it agrees with Judge Baldwin that Judge Wanker is likely entitled to judicial immunity here, as Plaintiff appears to sue her entirely based on what transpired during official court proceedings. (ECF No. 3 at 5-18.) In addition, this case is malicious under 28 U.S.C. § 1915(d)-(e) because, as noted *supra* at 1 n.1, it is duplicative of three other pending cases Plaintiff filed. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting "[t]here is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'") (citation omitted).

1 | In sum, the Court will accept the R&R and dismiss this case with prejudice because amendment would be futile. *See id.* at 1111 (affirming dismissal with prejudice where amendment would have been futile).

**V.    CONCLUSION**

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla Baldwin (ECF No. 7) is accepted and adopted in full.

It is further ordered that the financial affidavit Judge Baldwin construed as Plaintiff's IFP application (ECF No. 4) is granted.

It is further ordered that Plaintiff's objection (ECF No. 8) is overruled.

It is further ordered that that this case is dismissed in its entirety, with prejudice.

The Clerk of Court is directed to close this case.

DATED THIS 2nd day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE